UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONCELY del CARMEN MENDEZ ROJAS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JEH JOHNSON, Secretary of the Department of Homeland Security, in his official capacity, *et al.*,<br><br>Defendants. | CASE NO. C16-1024RSM<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Dkt. #38. Defendants argue that Plaintiffs lack standing to bring their claims because any potential harm is too remote and speculative to qualify as an injury in fact. Dkt. #38 at 4-9. Defendants further argue that this Court lacks subject-matter jurisdiction to review Plaintiffs' claims because they can raise their claims in their immigration proceedings. *Id.* at 9-12. Plaintiffs essentially respond that the Court has already decided these arguments against Defendants. Dkt. #40. For the reasons set forth below, the Court agrees with Plaintiffs and DENIES Defendants' motion.

ORDER
PAGE - 1

## II.     BACKGROUND

The Court has previously set forth the background of this action and incorporates it by reference herein.  Dkt. #37 at 1-5.

## III.     DISCUSSION

### A.  Legal Standard

This Court must dismiss a Complaint under Rule 12(b)(1) if, considering the factual allegations in a light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute.  *See Baker v. Carr*, 369 U.S. 186, 198, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962); *see also D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); 28 U.S.C. §§ 1331 and 1346.  When considering a motion to dismiss under Rule 12(b)(1), the Court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction.  *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052, 109 S. Ct. 1312, 103 L. Ed. 2d 581 (1989); *see also Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *see also Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, Plaintiffs bear the burden of establishing subject matter jurisdiction. *See Stock West*, 873 F.2d at 1225.

### B. Standing

This Court has previously reviewed Defendants' arguments as to standing in its previous Order on class certification. Defendants acknowledge that fact, but assert that their motion to dismiss is based on "further develop[ed] arguments". Dkt. #38 at 4 fn. 3. The Court remains unpersuaded. As it previously explained, Plaintiffs are not challenging any denial, past or future, of asylum. Dkt. #37 at 8. Rather, they challenge the denial of an opportunity to apply within the one-year deadline, which they allege is caused by Defendants' failure to provide adequate notice of the deadline and an alleged failure to implement a uniform method through which Plaintiffs can comply with that deadline. *Id.* The Ninth Circuit has made clear that Plaintiffs and the proposed class members have a statutory right to apply for asylum:

> Section 201(b) of the Refugee Act, 8 U.S.C. § 1158, conferred upon all aliens a statutory right to apply for asylum. *Orantes-Hernandez v. Thornburgh,* 919 F.2d 549, 553 (9th Cir. 1990). That right may be violated by a pattern or practice that forecloses the opportunity to apply. *See Id.* at 564 (upholding finding that coercion of aliens to accept voluntary departure violated their right to apply for asylum). The same provision of the Refugee Act required the Attorney General to establish means by which aliens, regardless of status, may apply for political asylum. *See* 8 U.S.C. § 1158.

*Campos v. Nail*, 43 F.3d 1285, 1288 (9th Cir. 1994). Plaintiffs allege that the failures by Defendants have caused them to lose this right, and they must now rely on an immigration judge to find, in his or her discretion, that either changed circumstances or extraordinary circumstances justified their delayed filings. Dkt. #30 at 2; 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § § 208.4(a)(2)(B), a(4)-(5). If Plaintiffs' allegations are true, they have lost the statutory right to apply for asylum and must now depend on the discretion of an adjudicator to apply. None of Defendants' arguments or legal authority persuade this Court to reach a

ORDER
PAGE - 3

different conclusion that it previously reached. Accordingly, the Court finds that Plaintiffs have demonstrated standing.

### C. Jurisdiction

Defendants next argue that this Court has no jurisdiction to review the claims made by Plaintiffs in this case, and that such claims must go to review through the immigration proceedings and ultimately in the Circuit Court of Appeals. Dkt. #38 at 9-12. As with their standing arguments, the Court continues to remain unpersuaded. Again, the Court finds that Defendants' arguments misconstrue Plaintiffs' claims. Plaintiffs are not asking this Court to make any finding with respect to how immigration judges analyze the extraordinary circumstances exception or on the asylum applications themselves. Rather, they allege that Defendants' action or inactions have deprived them of a statutory right to apply for asylum by foreclosing their opportunity to apply within the one year statutory time period. Dkt. #37 at 9. Nothing that Defendants present in the current motion persuades the Court that it should reach a different conclusion. Accordingly, the Court finds that it has subject matter jurisdiction to hear Plaintiffs' claims.

### IV. CONCLUSION

Having reviewed Defendants' Motion to Dismiss, the Opposition thereto and Reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss (Dkt. #38) is DENIED.

DATED this 28 day of March, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4